IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MARVIN HILLMAN, III,** | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:24-CV-00169-MTT-MSH |
| **JUDGE TILLMAN E. SELF,** *et al.*, | : | |
| Respondents. | : | |

# ORDER

Presently pending before the Court is a pleading filed by *pro se* Petitioner Marvin Hillman, III, an inmate currently confined at the Telfair State Prison in Helena, Georgia, that has been docketed as a federal habeas corpus petition seeking relief pursuant to 28 U.S.C. § 2254 (ECF No. 1). Petitioner has also moved for leave to proceed *in forma pauperis* in this action (ECF No. 3).

Petitioner drafted the Petition in this case on a state court form for bringing an inmate civil action, and it is unclear which remedy he seeks in this Court. As a general rule, "a challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under [42 U.S.C.] § 1983 . . . ." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)). "Federal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1

(S.D. Ga. Mar. 21, 2013) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "[W]hen a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983." *Id.* (citing *McKinnis,* 693 F.2d at 1057). Petitioner alleges that his conviction "is simply invalid," which suggests he seeks federal habeas corpus relief. Pet. 6, ECF No. 1. But Petitioner also seeks monetary damages, which are only available in an action filed pursuant to § 1983. *Id.*; *see also Preiser*, 411 U.S. at 493, 500.

Accordingly, if Petitioner is seeking relief from this Court—as opposed to some state court—he must recast his Petition on the Court's standard form. If Petitioner is challenging his state court conviction and seeks his release, he must recast his Petition on the Court's standard § 2254 form petition. If Petitioner instead wishes to complain about the conditions of his confinement and seek monetary compensation, he should recast his Petition on the Court's § 1983 form. The Clerk of Court is **DIRECTED** to forward Petitioner a copy of the § 2254 and § 1983 forms marked with the case number for the above-captioned case that Petitioner should use to recast his Petition. **Petitioner should choose only <u>one</u> of these forms to use. The recast pleading shall supersede (take the place of) his initial pleading (ECF No. 1).** The Court will not look back at that document to determine whether Petitioner has an actionable federal claim.[1]

---

[1] The Court will rule on the Petitioner's motion for leave to proceed *in forma pauperis* after Petitioner determines what type of action he wishes to pursue. The filing fee for a habeas corpus petition is $5.00; the filing fee for a § 1983 case is $405.00.

Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his Petition on the appropriate form. While this action is pending, Petitioner must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's pleadings.** There will be no service of process in this case until further order.

**SO ORDERED**, this 24th day of June, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge