**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| MARVIN HILLMAN, III | ) |
| | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO. 5:24-cv-169 (MTT)** |
| | ) |
| Warden ANDREW MCFARLANE, | ) |
| | ) |
| | ) |
| **Respondent.** | ) |
| | ) |

## ORDER

On April 10, 2025, Magistrate Judge Charles H. Weigle recommended granting the Respondent's motion to dismiss and dismissing pro se Petitioner Marvin Hillman, III's petition for writ of habeas corpus as untimely. ECF 19. Receiving no objection, the Court reviewed the Recommendation for clear error and, finding none, adopted it and dismissed Hillman's petition on June 24, 2025. ECF 22. On August 18, 2025, Hillman moved for reconsideration. ECF 24. For the following reasons, Hillman's motion for reconsideration is **DENIED**.

Pursuant to Local Rule 7.6, "[m]otions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was

not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

As best the Court can tell, Hillman argues that the Court erred by adopting the Magistrate Judge's Recommendation before he filed an objection. ECF 24. According to Hillman, he mailed a motion for an extension of time to object to the Magistrate Judge's Recommendation on May 21, 2025. *Id.* at 1. However, Hillman's motion for an extension was not received by the Court. Thus, the Court conducted a clear error review of the Magistrate Judge's Recommendation. ECF 22. After review, the Court adopted the Magistrate Judge's conclusion that Hillman's petition was untimely because the petition was filed almost seven years after the resentencing that formed the basis of his petition. *Id.* The Court also adopted the Magistrate Judge's Recommendation to deny a certificate of appealability. *Id.* The Court has yet to receive Hillman's May 21, 2025 motion for an extension, or any other motions for an extension or objections to the Recommendation.

In his motion for reconsideration, Hillman does not request leave to file an objection. ECF 24. Rather, he contends that he has been denied access to the courts because of conditions at Telfair State Prison, including mail tampering and inadequate time to prepare legal materials. *Id.* at 3-5. Hillman appears to argue that the denial of access to legal materials is a violation of due process, the First Amendment, and the privileges and immunities clause of Article IV of the Constitution. *Id.* at 2, 4. Hillman also

contends that it is reversible error if he can prove that the lack of legal resources caused him to lose his case. *Id.* at 2.

Hillman has failed to demonstrate that his lack of legal resources constitutes clear error by the Court. Hillman's motion for an extension was never delivered to the Court, and he did not attempt to refile his objection or move for another extension. Moreover, to the extent Hillman believes the lack of resources at Telfair State Prison violates the Constitution, any Constitutional claims cannot be remedied in a habeas action, but must be brought in an action under 42 U.S.C. § 1983.[1] *See Nelson v. Campbell*, 541 U.S. 637, 644 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the] core [of habeas corpus] fall outside of that core and may be brought pursuant to § 19983.")

In any event, Hillman fails to identify an argument that he could have made in an objection that would have prevented the dismissal of his petition as untimely. The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for applications for a writ of habeas corpus challenging a state court judgment, which begins to run on the date that the judgment became final. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations is only subject to equitable tolling if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). Here, Hillman's conviction became final on September 9, 2016. ECF 6 at 5; 13-10; 19 at 3. Hillman did not file his application for

---

[1] Hillman states that a grievance process is in effect regarding Telfair State Prison inmates' lack of access to the courts. ECF 24 at 3.

a writ of habeas corpus until almost seven years later, on May 29, 2024. ECF 13.

Moreover, there is nothing in the record to suggest that equitable tolling could apply.

Clearly, Hillman's petition is barred by the statute of limitations. Thus, Hillman has not

shown an intervening change of law, newly discovered evidence, or clear error in the

Court's order adopting the Magistrate Judge's Recommendation.

Accordingly, Hillman's motion for reconsideration (ECF 24) is **DENIED.**

**SO ORDERED**, this 25th day of February, 2026.

<div style="margin-left:50%">

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

</div>